## Richmond

MARVAL POULTRY COMPANY,
INC., ET AL.

v.

GUY JOHNSON

January 21, 1983.

Record No. 811997.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*M. Bruce Wallinger (Douglas L. Guynn; Wharton, Aldhizer & Weaver,* on brief), for appellants.
*Barry A. Stiefel (Ashcraft & Gerel,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

The question presented in this appeal is whether an employee, assigned to a selected work status after suffering a work-related injury, is entitled to benefits under the Workmen's Compensation Act when he is discharged by his employer for dishonesty.

In November of 1980, about one week after he was first employed by Marval Poultry Company, Inc., Guy Johnson suffered a work-related injury diagnosed as tendinitis. By agreement with Marval and its insurance carrier, Underwriters Insurance Company (collectively, the employer), Johnson was paid disability benefits under the Act until January 13, 1981, when he reported back to work and was assigned to less strenuous duties which did not

require him to lift heavy objects with his right hand. He was paid the same wages that he received prior to his injury.

On February 26, 1981, Johnson reported to Joseph Sgavicchio, Marval's Industrial Relations Manager and Safety Coordinator, that he had received an injury to his back when struck by a hose nozzle activated by a fellow employee on February 4. In answer to Sgavicchio's inquiry, Johnson stated that he had reported the accident to his supervisor, Blair Thompson, on February 8. Sgavicchio, in the presence of Johnson and his union representative, asked Thompson whether Johnson had reported the accident to him; Thompson denied that Johnson had made any such report.

During his conference with Sgavicchio, Johnson disclosed that while working previously for another employer he had suffered an industrial accident for which, as he later conceded at a hearing, he had received compensation under the Act. Sgavicchio, reviewing Johnson's application for employment with Marval, found that Johnson had answered in the negative the question whether he had suffered a compensated industrial accident in any previous employment. Sgavicchio thereupon discharged Johnson on February 26 for his dishonesty in answering the question on the application form and in asserting that he had reported the February 4 accident to his supervisor.

The chronology of ensuing events is significant. On March 30, Johnson filed with the Commission his application for a hearing on his claim that he suffered a work-related back injury on February 4. Prior to the hearing on this claim, Johnson filed an application to obtain additional benefits under his original tendinitis claim by alleging a change of condition because of his discharge by Marval on February 26.

A deputy commissioner conducted a hearing on Johnson's back claim and rejected it by opinion dated May 28, because of Johnson's material misrepresentation on his employment application. Prior to review of this opinion by the full Commission, the same deputy commissioner on June 2 conducted a hearing on Johnson's change-of-condition application, incorporating into this record the record of the proceeding on his back claim. In his opinion dated July 29, the deputy commissioner stated that Johnson, having failed in his claim of back injury because of his material misrepresentation of fact in his employment application, was attempting to reinstate his tendinitis claim under a change-of-condition application. The deputy commissioner, again on the basis of Johnson's

misrepresentation, set aside the initial award and dismissed the application.

By opinion dated August 5, the Commission affirmed the rejection of Johnson's back-injury claim but for a different reason than the one upon which the deputy commissioner based his opinion. Noting that Johnson continued to work after the alleged accident of February 4, that he did not consult a doctor until after his employment had been terminated, and that he did not report the incident "to management" until February 26, the Commission stated that the "totality of . . . actions and circumstances negates the occurrence of any incapacitating injury." The Commission concluded, therefore, that Johnson had failed to carry his burden of proof.

By opinion dated October 28, however, the Commission, one member dissenting, reversed the deputy commissioner's dismissal of Johnson's change-of-condition application. The Commission found that although Johnson's misrepresentation on his employment application was material and was relied upon by Marval the injury concealed by Johnson was not related to the tendinitis which had caused him to be assigned to a selected work status. For this reason, the Commission held that Johnson's discharge from his restricted employment was not shown to be "justified for cause on reasonable or related grounds" and awarded him compensation.

On appeal, the employer contends that Johnson was justifiably discharged for dishonesty not only in his material misrepresentation in his employment application but also in his statement that he had reported the alleged accident of February 4 to this supervisor. Even if the material misrepresentation alone is insufficient, the employer says, this misrepresentation and the falsification of his back-injury report together are sufficient to justify Johnson's dismissal for dishonesty. We agree.

■ *Goodyear* v. *Watson,* 219 Va. 830, 252 S.E.2d 310 (1979), is controlling. In that case, an employee, assigned after an industrial accident to a selected work status at pre-injury wages, was discharged for unsatisfactory performance. We held that it could not be inferred from the record that the employee was discharged because of his compensable injury, and that his "frequent absences . . . , poor work performance, and attitude toward his job justified his discharge." *Id.* at 833, 252 S.E.2d at 313.

In the present case, there is nothing in the record from which it may reasonably be inferred that Johnson was dismissed because of his tendinitis. Indeed, Johnson acknowledges that he could not prove such improper intent on the part of the employer. Moreover, Johnson concedes that if he had stolen property from the employer his discharge for such dishonesty would have been justified. But he seems to argue that any other dishonesty must relate to his tendinitis claim to constitute justifiable ground for dismissal. We are unwilling, however, to prohibit an employer from firing an employee for dishonesty unrelated to his claim for compensation under the Act solely because the employee's dishonesty was not in the form of a larceny from the employer. An employer has the right to demand of his employees a higher standard of honesty in matters pertaining to their employment.

In ruling that Johnson had not proved that he received an incapacitating injury on February 4, the Commission relied *inter alia* on Johnson's failure to report his alleged injury to the employer until February 26. At one point in his testimony Johnson admitted that the first person to whom he reported the February 4 incident was Sgavicchio on February 26. In other testimony, Johnson said that he reported the occurrence to a fellow employee and to Blair Thompson, his supervisor, but he acknowledged that Thompson denied receiving any such report. In finding that Johnson had not reported the February 4 incident until February 26, the Commission implicitly rejected Johnson's testimony and found that he was dishonest in his statements to the employer concerning the alleged injury. Since credible evidence supports this finding, it is conclusive and binding upon us. Code § 65.1-98.

We hold that the employer was justified in discharging Johnson for his two-fold dishonesty in giving a false answer to a material question on his employment application and in making a false statement that he had reported the alleged injury of February 4 to his supervisor four days later. Accordingly, we will reverse the award of the Commission and dismiss Johnson's claim.

*Reversed and dismissed.*