### Richmond

BIG D QUALITY HOMEBUILDERS, ET AL.

V.

THOMAS P. HAMILTON

Record No. 831487.

November 30, 1984.

Present: All the Justices.

*Michael L. Zimmerman (Brault, Geschickter, Palmer & Grove,* on brief), for appellants.
*Julia H. Butler (Ashcraft & Gerel,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

This appeal in an industrial accident case presents the question whether a claimant, who has obtained selective employment on his own initiative and is subsequently fired, has shown a change in condition entitling him to compensation for total incapacity until he obtains other employment.

On November 4, 1980, the claimant, Thomas P. Hamilton, injured his back in an accident arising out of and in the course of his employment as a laborer with Big D Quality Homebuilders. The employer and its insurer, Federal Kemper Insurance Company (collectively, the employer), accepted the claim as compensable. Compensation for total incapacity was paid from November 5, 1980, through August 31, 1981; for partial incapacity from July 4, 1982, until September 9, 1982; for total incapacity from September 10, 1982, through September 22, 1982; and for partial incapacity beginning September 23, 1982.

On January 24, 1983, Hamilton filed an application alleging a change in condition in that he was totally incapacitated as of December 18, 1982. He amended his application to allege only partial incapacity beginning March 7, 1983.

In his opinion, the deputy commissioner who heard the evidence reported that on June 18, 1982, Hamilton's treating physician had restricted Hamilton from lifting more than 50 pounds or performing work above his head. Through his own initiative Hamilton obtained selective employment on December 1, 1982, with a car-rental firm but he was fired on December 18, 1982, because of a dispute with that employer in which Hamilton complained of preferential treatment accorded another employee and non-payment for overtime work. On his own initiative, Hamilton obtained another job beginning March 7, 1983. The deputy commissioner, relying on precedent established by the Commission, ruled that where an employee obtains selective employment on his own initiative "he may terminate such employment without explanation." Benefits then resume unless it is shown that the claimant has fully recovered and is able to resume his regular employment. Accordingly, the deputy commissioner made an award to Hamilton for total incapacity from December 18, 1982 through March 6, 1983 and for partial incapacity thereafter.

Upon review, the Commission approved the findings of fact and conclusions of law of the deputy commissioner and affirmed the award. In its opinion dated August 12, 1983, the Commission stated that the employer is not relieved of its statutory responsibil-

ity if the employee, who has secured work through his own efforts, does not succeed in continuing the selective employment. The Commission further stated that there was no medical evidence that Hamilton could return to his regular employment or that he was no longer disabled. On appeal, the employer contends that the Commission erred in declining to modify the award of the deputy commissioner of benefits for total incapacity during the period of Hamilton's temporary unemployment. The award of benefits for partial incapacity beginning March 7, 1983, is not contested.

The employer argues that the burden of proof was on Hamilton to show that he had suffered a change in condition directly caused by his industrial accident. The Commission, however, according to the employer, imposed no burden of proof on Hamilton, although the record shows that he was physically capable of performing selective work at the time he was fired. Therefore, the employer says, Hamilton was not unemployable as a result of his accident; rather, he was unable to work for his employer because of a conflict of personalities. His inability to work had nothing to do with his industrial accident. Referring to Code § 65.1-55, which provides specified compensation for partial incapacity based upon the difference between what the employee earned before his accident and what he is "able to earn thereafter," the employer says that Hamilton was "able" to earn what he was being paid at the time he was fired.

The employer contends that Hamilton's change-in-condition application should be subject to the principles that would apply had the employer obtained selective employment for Hamilton. We disagree.

Code § 65.1-63, encouraging employers to procure selective employment for partially incapacitated employees, provides as follows:

If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified.

This statute does not require that employers make selective employment available. *Foust Coal Co.* v. *Messer*, 195 Va. 762, 769, 80 S.E.2d 533, 537 (1954). But the relief thereby afforded an em-

ployer when an employee unjustifiably refuses to accept or continue selective employment is limited to those cases in which the employer has provided or procured such employment. Employees are under no statutory duty to seek selective employment. When they do so, however, there are no statutory constraints inhibiting those who have found such employment for themselves.

The Commission may properly find that an employee's wage loss may be total because of partial physical incapacity. *Foust*, 195 Va. at 767, 80 S.E.2d at 536. In the present case, the record shows that Hamilton was unable to perform his pre-injury work or any work except that within the restrictions imposed by his physician.

*Fuel Company* v. *Agee*, 201 Va. 678, 112 S.E.2d 835 (1960), and *Fuel Company* v. *Barbour*, 201 Va. 682, 112 S.E.2d 904 (1960), upon which the employer relies, are distinguishable. In those cases, the employees were coal miners who contracted silicosis. The Commission awarded them compensation for total disability. We held that although the burden was on the employees to prove that they were totally incapacitated for all work, they had failed to show that they could not perform any work or that they had made reasonable efforts to obtain other employment. We reversed the awards and remanded the cases with leave to the litigants to offer additional evidence before the Commission.

In the present case, the employer neither offered nor procured selective employment for Hamilton, who nevertheless found four jobs for himself. We approve the ruling of the Commission that, having secured selective employment without assistance from the employer, Hamilton is entitled to compensation for total loss of earnings during his period of temporary unemployment. The ruling is based upon the construction of Code § 65.1-63. We perceive that the legislative intent is to encourage injured employees to seek selective employment rather than to remain unemployed unless the employer finds such employment for them. The Commission ruling effectuates this intent. Accordingly, we will affirm the award.

*Affirmed.*