AMERICAN STEEL PLACING COMPANY, INC., ET AL.

V.

JAMES F. ADAMS

Record No. 841562

October 11, 1985

Present: All the Justices

*Joseph C. Veith, III (Charles J. O'Hora; Bromley, Brown & Walsh,* on briefs), for appellants.
*J. Hunt Brasfield (Ashcraft & Gerel,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Section 65.1-63 of the Virginia Workers' Compensation Act provides:

> "If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified."

In *Big D Homebuilders v. Hamilton,* 228 Va. 378, 322 S.E.2d 839 (1984), we interpreted the statute and said:

> "[T]he relief thereby afforded an employer when an employee unjustifiably refuses to accept or continue selective employment is limited to those cases in which the employer has provided or procured such employment. Employees are under no statutory duty to seek selective employment. When they do so, however, there are no statutory constraints inhibiting those who have found such employment for themselves." *Id.* at 381-82, 322 S.E.2d at 841.

The dispositive question in this appeal is whether the employer, acting through its workers' compensation insurance carrier, provided or procured the selective employment involved here, thus disentitling the employee to temporary total disability benefits when he was discharged from that employment as the result of alleged misconduct.

Appellee James F. Adams was injured in 1981 in an industrial accident while employed as a steel worker by appellant American Steel Placing Company, Inc. The injury was diagnosed as olecra-

non bursitis, commonly known as "tennis elbow." The employee's treating physician reported that, as a result of the accident, his patient was totally and permanently disabled from performing his former duties of tying wire to steel girders. The employer and its carrier accepted the claim as compensable, and paid compensation through November 18, 1982 for total work incapacity.

Meanwhile, the employee enrolled in April 1982, upon his own initiative, at the Diesel Institute of America and embarked on a six-month training course to be a diesel mechanic. The employee paid the tuition by procuring a "government" loan. Later, after retaining a vocational rehabilitation firm to work with the employee, the carrier learned for the first time that the employee was in training to be a mechanic. The employee successfully completed the course and the carrier reimbursed him for the cost of the training.

As the employee neared completion of the training period, however, he decided not to become a mechanic. Instead, he elected to purchase a truck and become a self-employed trucker. The diesel school had a job placement office and the placement personnel assisted the employee in finding employment driving his truck.

In November 1982, the employee began driving interstate for Polar Transport, Inc. Because he did not have certification from the Interstate Commerce Commission, the employee was required to drive with a person who was certified properly. In December 1982, the employee made an interstate trip without the certified driver and was fired by Polar Transport. The employee did not secure certification until February 1983, at which time he began working for Conalco, Inc.

In this appeal, the period involved is from December 16, 1982, when the employee was discharged by Polar Transport, through February 27, 1983, when be became employed by Conalco. At the hearing level, a deputy commissioner denied the employee's request for compensation for that period of unemployment. The deputy decided that because the employment with Polar Transport was terminated for misconduct, unrelated to the employee's physical incapacity, the discharge was tantamount to unjustified refusal of selective work. Upon review, the full Commission ruled unanimously that the employee found the Polar Transport job on his own initiative and that it was not furnished by the employer. Accordingly, the Commission concluded that the selective employment, even though terminated by an act of the employee, did not

require explanation or justification, regardless of the propriety of the termination. The employer and carrier appeal from an August 1984 award which ordered payment of compensation for temporary total disability during the period in question.

The employer and carrier assert that the provisions of Code § 65.1-63 and the rule of *Big D Homebuilders* should be limited to cases where the employee obtains selective employment *solely* through his own efforts. They contend that the employee and the carrier *jointly* procured the job in this case because the carrier eventually paid the diesel school tuition and because the selective employment was obtained through use of the school's placement service. Thus, the argument continues, the Commission erroneously refused to afford the employer the protection of the statute and improperly awarded compensation for the period of unemployment following discharge for misconduct. We disagree.

We hold that the Commission properly decided that the employee's selective employment as a truck driver was procured by the employee and not by the employer or carrier. The employee, through his own initiative, enrolled in the diesel mechanic school, paid the tuition, used the facilities of the school's placement office, and secured a job as an independent trucker. The employer's and carrier's participation in the employee's venture was merely indirect by virtue of payment for the instruction as a mechanic. The employee's efforts directly brought about the job opportunity with Polar Transport and, even though termination of the employment may have been due to the employee's misconduct, the discharge did not amount to unjustified refusal of selective employment under § 65.1-63.

Consequently, the award appealed from will be

*Affirmed.*