CHESAPEAKE & POTOMAC TELEPHONE COMPANY
OF VIRGINIA

v.

REGINALD D. MURPHY

No. 0438-90-4

Decided June 11, 1991*

---

\* Petition for rehearing granted July 24, 1991.

634

COUNSEL

William L. Carey (Eric J. Berghold; Miles & Stockbridge, on brief), for appellant.

Robert A. Mordhorst (Ashcraft & Gerel, on brief), for appellee.

OPINION

KOONTZ, C.J.—Chesapeake & Potomac Telephone Company of Virginia (C&P), appellant, appeals from a February 15, 1990 decision of the Industrial Commission awarding temporary partial

disability benefits to Reginald D. Murphy, appellee, based on his "cure" of his unjustified refusal of selective employment subsequent to his termination for cause by C&P. The issue presented is whether Code § 65.1-63 permits an employee to cure his refusal of selective employment under the facts of this case. We hold that it does not and, accordingly, we reverse the decision of the commission.

The essential facts are not in dispute and we recite only those necessary to explain our decision. In May, 1986, Murphy suffered a compensable back injury while working as a service technician for C&P. At that time, he was earning an average weekly salary of $598.50. C&P offered Murphy selective light duty employment, which he accepted for a short time before abandoning this position based on his claim that he could not work due to continuing discomfort. C&P subsequently discharged Murphy from employment in October, 1986, on the ground that he misrepresented both his medical condition and his ability to work. Murphy applied for workers' compensation benefits, which the commission denied after finding that he had unjustifiably refused selective employment offered by C&P.

In 1987, Murphy moved to Florida where he ultimately procured a light duty position cleaning and repairing telephones for another company. He subsequently filed another application with the commission seeking benefits for partial work incapacity based on the wage differential between the wage he earned from C&P and the lesser wage he earned from the Florida job.

Based on these facts and relying primarily upon our decision in *K & L Trucking Co. v. Thurber*, 1 Va. App. 213, 337 S.E.2d 299 (1985), the commission held that "Murphy has cured his refusal of selective employment and that he is entitled to resumption of benefits upon showing that he has continuing partial incapacity and wage loss." Murphy's continuing partial incapacity and wage loss are not issues in this appeal. The sole issue is whether Code § 65.1-63 permits Murphy to cure his prior unjustified refusal of selective employment procured by C&P.

On appeal, C&P asserts that the present wage differential arose because Murphy was discharged for cause from selective employment, which it offered to him, and Murphy was able to continue earning his pre-injury salary before leaving C&P. Thus, C&P ar-

gues that the difference in income for which Murphy seeks benefits is a direct result of his termination for cause; therefore, he is not entitled to these benefits. We agree.

 Code § 65.1-63 states: "If an injured employee refuses employment *procured for him* suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal is justified." (emphasis added). The commission and the courts have consistently interpreted this Code section to permit an employee to "cure" his unjustified refusal of selective employment by accepting such employment. The premise is that an employer is liable for the condition of the employee resulting from an industrial accident and the employer may reduce its monetary liability by procuring employment suitable to the employee's capacity. In turn, the employee is required to accept such employment procured by the employer or suffer the wage loss during the period of an unjustified refusal. *See Thompson v. Hampton Inst.*, 3 Va. App. 668, 353 S.E.2d 316 (1987); *American Furniture Co. v. Doane*, 230 Va. 39, 334 S.E.2d 548 (1985); *Big D Quality Homebuilders v. Hamilton*, 228 Va. 378, 322 S.E.2d 839 (1984). Thus, once an employee accepts selective employment, that employee is entitled to benefits even though he was previously denied those same benefits. Such an employee is considered as having "cured" his past unjustified refusal of selective employment.

Code § 65.1-63 contains no time limitations within which the employee may cure his refusal. Thus, Murphy could cure his refusal by accepting selective employment in Florida unless his termination for cause in the meantime bars his ability to do so. In *K & L Trucking* we stated:

When compensation benefits are terminated pursuant to the provisions of Code § 65.1-63, based upon a claimant's unreasonable refusal to accept selective employment, benefits may be resumed when the claimant ceases his refusal. We make no distinction between a claimant's entitlement to resumption of benefits upon obtaining other selective employment after having refused to accept a prior offer of selective employment, and such an entitlement following a discharge for cause.

1 Va. App. at 220, 337 S.E.2d at 303.

The appropriate scope of this holding is the essence of the present appeal. Murphy argues that his discharge for cause is not a bar to his ability to cure his prior unjustified refusal of selective employment. C&P argues that the holding in *K & L Trucking* is limited to the facts of that case and specifically to cases where the employee is discharged for cause from employment procured by the employee rather than employment procured by the employer. Both parties find support for their positions in various Supreme Court cases, which we now review.

In *Goodyear Tire & Rubber Co. v. Watson*, 219 Va. 830, 252 S.E.2d 310 (1979), the Supreme Court held that an employee on selective employment procured by his employer who is terminated for cause and for reasons not concerning his disability is not entitled to receive compensation benefits. In *Marval Poultry Co. v. Johnson*, 224 Va. 597, 299 S.E.2d 343 (1983), the Supreme Court held that an employee discharged for dishonesty while on selective employment offered by the employer forfeits his right to compensation benefits. The issue of whether such an employee could subsequently cure his discharge by accepting or procuring selective employment pursuant to Code § 65.1-63 was not an issue in either of these cases.

However, in *Big D Quality Homebuilders*, 228 Va. 378, 322 S.E.2d 839 (1984), decided one year later, the Supreme Court held, pursuant to Code § 65.1-63, that an employee may cure his unjustified refusal to accept selective employment even though he has been terminated for cause from selective employment procured by him. In *American Steel Placing Co. v. Adams*, 230 Va. 189, 335 S.E.2d 270 (1985), the Supreme Court again held that termination for cause from selective employment procured by the employee is not an unjustified refusal of selective employment under Code § 65.1-63. Thus, the employer was required to continue paying compensation benefits during the period of the employee's unemployment.

From these cases it is clear, and C&P concedes, that termination for cause from employment secured by the disabled employee is not a bar to a cure of a prior unjustified refusal of selective employment pursuant to Code § 65.1-63. It is also clear that, prior to *K & L Trucking*, the Supreme Court had not held specifically that an employee could cure a prior unjustified refusal of selective employment after being terminated for cause from selec-

tive employment *procured by the employer*.

In *K & L Trucking*, we held that in a proper case, principles of *res judicata* apply to Industrial Commission decisions. 1 Va. App. at 219, 337 S.E.2d at 302. Thus, we held that where an employee's benefits were terminated by a deputy commissioner's unappealed finding that the employee was terminated from selective employment for cause without a specific finding that the employee alone procured such selective employment, the employee could not thereafter litigate against his employer the issues whether he alone secured the employment or whether he was terminated for cause rather than because of disability. We further held that it was error for the commission to consider evidence on these issues at a subsequent hearing and, accordingly, we reversed the commission's decision restoring benefits to the employee.

In *K & L Trucking* there was also evidence that the employee, subsequent to his termination from selective employment, had procured a job as a gasoline station attendant. However, because proper notice of his employment had not been given to the employer prior to the hearing, we held that this issue was not properly before the commission. It is in this context that we stated, "we make no distinction between a claimant's entitlement to resumption of benefits upon obtaining other selective employment after having refused to accept a prior offer of selective employment, and such entitlement following a discharge for cause." In this same context, we went on to state that:

> The decisions in [*Goodyear Tire* and *Marval Poultry*] do not prevent this result. In each of these cases, the Supreme Court upheld a termination of workers' compensation benefits following a claimant's discharge for cause from selective employment procured for him by his employer. Neither case stands for the proposition that benefits will not be restored when a claimant thereafter procures selective employment.

*Id*. at 220-21, 337 S.E.2d at 303 (citations omitted).

The present appeal requires us to determine the scope of the language and our holding in *K & L Trucking*. Initially, we note that neither *Goodyear Tire* nor *Marval Poultry* involved the application of Code § 65.1-63 and, thus, we continue to agree with the prior panel of this Court that these cases do not stand for the

proposition that benefits will not be restored when a claimant thereafter procures selective employment. The cases stand for the proposition that a disabled employee forfeits his compensation benefits when he is terminated for cause from selective employment *procured by his employer* just the same as any employee forfeits his income when he is terminated for cause by his employer.

While not addressed in *K & L Trucking*, the Supreme Court's holdings in *Big D Quality Homebuilders* and *American Steel*, decided subsequent to *K & L Trucking*, clearly stand for the proposition that an employee, pursuant to Code § 65.1-63, may cure his unjustified refusal to accept selective employment subsequent to his termination for cause from employment which he has procured. In *Big D Homebuilders*, the Court made this pertinent statement: "[Code § 65.1-63] does not require that employers make selective employment available. But the *relief* thereby afforded an employer when an employee unjustifiably refuses to accept or continue selective employment *is limited to those cases in which the employer has provided or procured such employment*." 228 Va. at 381-82, 322 S.E.2d at 841 (citations omitted)(emphasis added). *American Steel* reaffirmed the rule of *Big D Homebuilders*.

We believe that these cases limit the scope of our holding in *K & L Trucking* and the application of Code § 65.1-63 to permit an employee to cure his prior unjustified refusal of selective employment only where the employee is terminated for cause from selective employment procured by the employee rather than from selective employment procured or offered by the employer. We distinguish *K & L Trucking* from the present appeal on the ground that in that case we did not determine that the employer had procured the selective employment. The thrust of *K & L Trucking* was to clarify that principles of *res judicata* are applicable to proceedings before the commission. To the extent that the previously quoted language from *K & L Trucking* may be interpreted, as the commission did in the present appeal, as being inconsistent with our present holding, that language was dicta and not binding upon us.

Moreover, where a disabled employee is terminated for cause from selective employment procured or offered by his employer, any subsequent wage loss is properly attributable to his wrongful

act rather than his disability. The employee is responsible for that loss and not the employer. In this context, we are unable to find any provision within the Workers' Compensation Act which evidences an intent by the legislature to place such an employee in a better position than an uninjured employee who is terminated for cause and by his wrongful act suffers a loss of income. We did not intend to so hold in *K & L Trucking*, and we specifically decline to do so here.

For these reasons, we reverse the decision of the commission and its award of compensation benefits to Murphy.

*Reversed.*

Duff, J., concurred.

Barrow, J., dissenting.

A partially incapacitated employee who refuses selective employment is barred from receiving compensation only "during the continuance of . . . [his] refusal" of selective employment. Code § 65.1-63. In my opinion, Murphy, having now accepted selective employment, is no longer barred from receiving compensation. *See K & L Trucking Co. v. Thurber*, 1 Va. App. 213, 220-21, 337 S.E.2d 299, 303 (1985).

Neither this court nor the Supreme Court of Virginia has decided whether an employee justifiably discharged from selective employment may cure his implied "refusal of selective employment" by obtaining other employment suitable to his capacity. The Supreme Court did not address this issue when it held that an employee justifiably discharged from selective employment is barred from receiving Workers' Compensation benefits. *See Marval Poultry Co. v. Johnson*, 224 Va. 597, 601, 299 S.E.2d 343, 345-46 (1983) (employee discharged for dishonesty); *Goodyear Tire & Rubber Co. v. Watson*, 219 Va. 830, 833, 252 S.E.2d 310, 313 (1979) (employee discharged for poor work performance). It was also not required to do so when it held that an employee who procures selective employment on his own is not barred from receiving compensation if he later loses that employment. *See American Steel Placing Co. v. Adams*, 230 Va. 189, 192, 335 S.E.2d 270, 272 (1985); *Big D Quality Homebuilders v. Hamilton*, 228 Va. 378, 382, 322 S.E.2d 839, 841 (1984).

The language of Code § 65.1-63, however, addresses this issue. An injured employee who "refuses employment procured for him suitable to his capacity, [is barred from] compensation at any time *during the continuance of such refusal*."[1] (emphasis added). The phrase "during the continuance of such refusal" is an unequivocal direction by the General Assembly that an injured employee who refuses selective employment is barred from compensation only so long as he refuses such employment. The bar to compensation is expressly limited by the statute. Once an employee has overcome his "refusal" by obtaining new selective employment, his entitlement to compensation, if any, for partial incapacity is revived.

The majority is persuaded to depart from the statute because it can find no evidence that the legislature intended to place a partially incapacitated employee "in a better position than an uninjured employee who is terminated for cause and by his wrongful acts suffers a loss of income." An uninjured employee, however, can overcome his loss of income by obtaining new employment. A partially incapacitated employee, on the other hand, may not be able to overcome his loss of income by obtaining new employment.

An employee who is partially incapacitated because of a work-related injury and is discharged for cause from selective employment is unable to work because of both his partial incapacity and his unjustifiable refusal to accept selective employment, i.e. his discharge for cause. If he later obtains selective employment, he has cured his unjustifiable refusal to accept selective employment. Upon curing his unjustified refusal, a partially incapacitated employee discharged for cause should have the same economic opportunities as an uninjured employee discharged for cause. Therefore, the bar to his entitlement to compensation is removed. Code § 65.1-63.

In this case, Murphy experienced a compensable injury for which he was initially compensated. A dispute arose over whether Murphy had unjustifiably refused employment within his capacity and whether he had refused medical treatment without justifica-

---

[1] Code § 65.1-63. Refusal of employment. If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time *during the continuance of such refusal*, unless in the opinion of the Industrial Commission such refusal was justified. (emphasis added).

tion. The commission found that he refused work within his capacity and also unjustifiably refused medical treatment; therefore, the commission terminated his compensation. Murphy attempted to obtain reemployment with his employer but, although the employment was available for eligible employees, Murphy was not eligible because his employer determined that he had been "dishonest" concerning his representations about his work capacity. Murphy, thereafter, obtained employment with another telephone company in Florida. Without addressing whether the employer justifiably refused Murphy further employment,[2] the commission concluded that Murphy had cured his refusal of selected employment by obtaining new employment with a different employer.

I concur with the commission's decision and would, therefore, affirm it.

---

[2] Under the majority's theory of this case, the matter should be remanded to the commission to determine if Murphy's discharge was justified.