COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


AUDUBON TREE EXPERTS, INC.
AND
INSURANCE COMPANY OF NORTH AMERICA

                                        MEMORANDUM OPINION[*]
v.    Record No. 0214-97-4                  PER CURIAM
                                         JULY 1, 1997
KURT FREDERICK REIGHARD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Douglas A. Seymour; Law Office of Harold
              MacLaughlin, on brief), for appellants.

              (Lawrence J. Pascal; Ashcraft & Gerel, on
              brief), for appellee.


     Audubon Tree Experts, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that (1) Kurt F.

Reighard proved he was entitled to an award of temporary total

disability benefits from November 22, 1995 through April 29,

1996; and (2) Reighard adequately marketed his residual work

capacity during that time period.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     Factual findings made by the commission will be upheld on

appeal if supported by credible evidence.  See James v. Capitol

Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1989).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence proved that Reighard sustained a compensable injury to his left knee on June 24, 1993.  He received temporary total disability benefits for various periods of time following his injury.  It was undisputed that Reighard found selective employment on his own with Tyson's Service Corporation.  The commission then entered an award for partial incapacity beginning March 1, 1995, which it modified on January 22, 1996.  Reighard testified that after a period of time, he was asked to perform additional duties for Tyson's which exceeded his restrictions.  On November 22, 1995, he quit work because he was having pain in his knee and could hardly walk.

Reighard returned to his treating physician, Dr. William A. Hazel, Jr., complaining of increased knee pain.  Dr. Hazel prescribed physical therapy three times per week and suggested the possibility of Reighard undergoing arthroscopic surgery.  On April 29, 1996, Dr. Hazel performed arthroscopic surgery on Reighard's knee.  On June 11, 1996, Dr. Hazel released Reighard to light-duty work.

On February 20, 1996, Reighard filed a change in condition application seeking temporary total disability benefits beginning November 22, 1995.  In response to a letter from Reighard's

counsel, Dr. Hazel opined that Reighard was unable to work on December 15, 1995, and that, to his knowledge, Reighard had not worked since. Dr. Hazel noted that he had not discussed with Reighard any "alternative arrangements which could have been workable." Dr. Hazel opined that Reighard had "clearly" been incapacitated since the April 29, 1996 surgery.

## I.

As the commission correctly noted, it is well settled that an employee who obtains selective employment on his own may terminate that employment without explanation. Thereafter, benefits for temporary total disability must resume unless it is shown that the employee has fully recovered and is able to resume regular employment. See American Steel Placing Co., Inc. v. Adams, 230 Va. 189, 192, 335 S.E.2d 270, 272 (1985); Big D Quality Homebuilders v. Hamilton, 228 Va. 378, 380, 322 S.E.2d 839, 841 (1984).

Credible evidence proved that after Reighard procured selective employment on his own, he was forced to quit because its duties exceeded his restrictions. No evidence proved that Reighard had fully recovered from his knee injury and that he could resume his regular employment. Therefore, the commission did not err in awarding temporary total disability benefits to Reighard beginning November 22, 1995.

## II.

A claimant's effort to market his residual capacity must be

evaluated in the context of "reasonableness." See Ridenhour v. City of Newport News, 12 Va. App. 415, 418, 404 S.E.2d 89, 90 (1991). "This would necessarily include consideration of the claimant's perception of his condition, his abilities, and his employability, and of the basis for that perception." Id. at 418, 404 S.E.2d at 90-91.

The evidence showed that Dr. Hazel did not discuss with Reighard the possibility of returning to light-duty employment between December 15, 1995 and Reighard's surgery in April 1996. Rather, Dr. Hazel prescribed frequent physical therapy and discussed the possibility of future surgery. Reighard testified that he was involved in physical therapy three days per week and that he understood that he was not able to work at that time. Based upon Dr. Hazel's medical reports and Reighard's testimony, the commission could infer that it was reasonable for Reighard to perceive that Dr. Hazel had not released him to any type of light-duty employment between December 15, 1995 and April 29, 1996, the date of his surgery. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Because credible evidence supports the commission's findings, those findings are binding and conclusive upon us. Accordingly, we affirm the commission's decision.

- 4 -

<u>Affirmed.</u>