COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JOANNE SIFFORD GLASS

                                        MEMORANDUM OPINION*
v.    Record No. 0495-01-3                  PER CURIAM
                                          JULY 10, 2001
TULTEX CORPORATION


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (George L. Townsend; Chandler, Franklin &
                O'Bryan, on brief), for appellant.

                (James A. L. Daniel; Elizabeth B. Carroll;
                Daniel, Vaughan, Medley & Smitherman, P.C.,
                on brief), for appellee.


        Joanne Sifford Glass (claimant) contends that the Workers'

Compensation Commission erred in finding that she was not

entitled to disability benefits after September 22, 1999 because

she had been previously terminated for cause effective July 12,

1997 from light duty employment procured for her by Tultex

Corporation (employer).  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

                This appeal does not present a case of
                conflicting evidence or a dispute concerning
                the commission's findings of fact.  When the
                issue is the sufficiency of the evidence and

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

                              -

> there is no conflict in the evidence, the issue is purely a question of law. This Court is not bound by the legal determinations made by the commission. "[W]e must inquire to determine if the correct legal conclusion has been reached."

Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (citations omitted).

In a June 9, 1998 opinion, Deputy Commissioner Herring held that claimant was discharged from selective employment because she fought with a co-worker on employer's premises while at work, a reason wholly unrelated to her disability and for which she was responsible. The deputy commissioner held that claimant was discharged for just cause and terminated her award of temporary partial disability benefits effective July 12, 1997. That opinion was not appealed, and became final.

On March 31, 1999, claimant's physician again removed her from work. Employer accepted the period of total incapacity from that date until September 21, 1999, when claimant was released to work with restrictions on September 22, 1999. After September 22, 1999, claimant marketed her residual capacity. As of September 22, 1999, employer had closed the plant at which claimant worked and filed for Chapter 11 bankruptcy.

Before the commission and in this appeal, claimant argues that because employer subsequently closed the plant where she had worked and filed for bankruptcy, her termination for justified cause was no longer a contributing factor to her wage

-

loss because employer no longer had light-duty available.

Claimant argues that employer should be required to pay her

benefits beginning September 22, 1999.  She contends that

employer's filing for bankruptcy and winding up its business was

tantamount to a withdrawal of its constructive offer of

selective employment and that the commission erred in relying

upon Eppling v. Schultz Dining Programs, 18 Va. App. 125, 422

S.E.2d 219 (1994).  We disagree.

A disabled employee's discharge from selective employment

for reasons unrelated to her disability but for which she is

responsible is equivalent to an unjustified refusal of selective

employment.  See id. at 130, 442 S.E.2d at 222.

The rationale for this principle is that

> when an employee's work-related disability
> has resolved itself to the point that the
> worker can return to gainful employment, he
> or she is required to do so.  An employer is
> not responsible for a disabled employee who
> is no longer unable to return to gainful
> employment because of his or her
> work-related injuries, but is prevented from
> doing so for other reasons.

Id.  Furthermore, an employee cannot cure a discharge for cause

from employer procured selective employment by obtaining

alternative employment on his or her own.  See Chesapeake &

Potomac Telephone Co. v. Murphy, 12 Va. App. 633, 639, 406

S.E.2d 190, 193, aff'd on rehearing en banc, 13 Va. App. 304,

411 S.E.2d 444 (1991).  In Murphy, we reasoned as follows:

-

> [W]here a disabled employee is terminated
> for cause from selective employment procured
> or offered by [the] employer, any subsequent
> wage loss is properly attributable to his
> [or her] wrongful act rather than his [or
> her] disability. The employee is
> responsible for that loss and not the
> employer. In this context, we are unable to
> find any provision within the Workers'
> Compensation Act which evidences an intent
> by the legislature to place such an employee
> in a better position than an uninjured
> employee who is terminated for cause and by
> his wrongful act suffers a loss of income.

Id. at 639-40, 406 S.E.2d at 193.

Here, claimant was terminated for just cause. Therefore, she permanently forfeited her right to future compensation benefits such as those sought in this case, regardless of any future circumstances of the employer, so long as her loss was attributable to her wrongful act and not her disability. We find no support for claimant's argument that because employer closed its plant and filed for bankruptcy after she was terminated for just cause that she should now be entitled to a resumption of benefits. Under the circumstances of this case, employer had no duty to offer claimant light-duty employment after her termination. As the commission held:

> [C]laimant is no longer employed by the
> employer, and was not so employed at the
> time of the plant closure. It is undisputed
> that her employment was previously
> terminated for the clearly justifiable
> reason that she was fighting on the job. We
> therefore conclude that the claimant's
> termination for cause is the proximate cause
> of her wage loss, and that the employer's
> subsequent bankruptcy and plant closure are

-

not "intervening causes" which in any way
require reinstatement of compensation
benefits.

For these reasons, we affirm the commission's decision.

Affirmed.
