COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Russell and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

RIVERSIDE BEHAVIORAL CENTERS AND
 TRUMBULL INSURANCE COMPANY

                                         MEMORANDUM OPINION[*] BY

v.      Record No. 2143-14-1           JUDGE ROBERT P. FRANK

                                            MAY 12, 2015

STEVEN TYRONE TEEL


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Adam S. Rafal (Lisa L. Thatch; Vandeventer Black, LLP, on brief),
for appellants.

(Halbert T. Dail; Joynes & Gaidies, on brief), for appellee.
Appellee submitting on brief.


Riverside Behavioral Centers and Trumbull Insurance Company (collectively

"employer") appeal a decision of the Workers' Compensation Commission (the commission)

awarding benefits to Steven Tyrone Teel (claimant). On appeal, employer contends the

commission erred: (1) in affirming the deputy commissioner's conclusion that claimant was not

terminated for justified cause; (2) in addressing and reversing the deputy commissioner's ruling

that claimant refused selective employment and is therefore entitled to temporary total disability;

and (3) in affirming the deputy commissioner's conclusion that claimant established reasonable

efforts to market his residual wage earning capacity during periods of unemployment. For the

following reasons, we reverse the commission's decision that claimant was not terminated for

just cause.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Since we conclude, as a matter of law, that claimant's termination was for justified cause, we need not address the second and third assignments of error. Thus, we only recite the facts relevant to the termination issue.

The facts are not controverted. Claimant was employed by employer as a licensed practical nurse (LPN) in adult services. His duties included administering medications pursuant to doctors' orders and assisting or restraining patients as necessary, often using physical force. On February 4, 2013, claimant was assisting in restraining a patient when he sustained an injury to his left arm and wrist. The parties stipulated that this injury was a compensable injury by accident. Claimant was terminated on or about February 8, 2013. At the time of termination, claimant remained on full duty with no work restrictions.

Claimant testified he was fired because he documented medication that he, in fact, did not administer to a patient. He stated that, although he was provided with training on a new computer system for scanning medications, his errors were caused by his inability to learn the new computer procedure.

Claimant agreed that as part of his new employee orientation, employer provided him with rules and policies regarding the administration of medication. He acknowledged that he received and understood that policy. Claimant agreed that employer's policies provided for a progressive disciplinary system, and he had more than one disciplinary action taken against him.

Employer's policy provided that a first offense generated a verbal warning. A second offense required a written warning, and termination was an option for a third offense. Claimant acknowledged that prior to his termination, he was provided with a verbal warning and a written warning for his violations of the medication administration policies. He further agreed that he violated the policy by documenting that he administered medication that he did not give.

Claimant also agreed that the disciplinary actions against him were warranted and his termination was warranted.

Claimant testified that his third violation of the policy occurred "prior to" his work injury. He agreed that he did not initially seek medical attention for his injury until five days after his termination, although he asserted that he was not "allowed to go seek treatment until he received information from . . . the health nurse" to whom he had submitted the incident report.

The deputy commissioner found that claimant was not terminated for cause, concluding claimant's poor work performance was not a "wrongful act" under the case law. However, the deputy found that claimant refused selective employment because of his termination, and he found that claimant was not entitled to wage loss benefits for his earnings with other employers after February 4, 2013. The deputy awarded temporary total disability benefits from November 1, 2013 through November 30, 2013, and beginning April 21, 2014 and continuing.

The full commission reversed the deputy's finding that claimant had constructively refused selective employment, but it affirmed the deputy's award of temporary total disability benefits. In a footnote in its opinion, the commission addressed the issue of termination, finding "the termination was not for a cause which would justify a permanent forfeiture of benefits." Teel v. Riverside Behavioral Ctr, VWC File No. VA00000736931, at 5 n.2 (Nov. 4, 2014). The commission also found claimant's "misuse of the company's computer system--documenting that he did not administer the medication, while indicating elsewhere that he did--does not constitute a deliberate violation of a company rule." Id. The commission concluded that claimant's actions were not "'of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligation he owes his employer.'" Id. (quoting Richmond Cold Storage Co. v. Burton, 1 Va. App. 106, 111, 335 S.E.2d 847, 850 (1985)).

This appeal follows.

ANALYSIS

Employer contends the commission erred in concluding claimant was not terminated for justified cause which would have barred his entitlement to benefits.

"On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 84, 608 S.E.2d 512, 517 (2005) (*en banc*). "'If the commission's findings are supported by the evidence, they are binding on appeal.'" Williamson v. Va. Emp't Comm'n, 56 Va. App. 14, 17, 690 S.E.2d 304, 305 (2010) (quoting McNamara v. Va. Emp't Comm'n, 54 Va. App. 616, 624, 681 S.E.2d 67, 70 (2009)). "However, when the facts are undisputed, their interpretation is a matter of law." Id.

An employee "who is terminated for [justified] cause and for reasons not concerning his disability is not entitled to receive compensation benefits." Chesapeake & Potomac Tel. Co. v. Murphy, 12 Va. App. 633, 637, 406 S.E.2d 190, 192, aff'd en banc, 13 Va. App. 304, 411 S.E.2d 444 (1991).

In Eppling v. Schultz Dining Programs, 18 Va. App. 125, 442 S.E.2d 219 (1994), we opined:

> When a disabled employee is discharged from selective employment, the "inquiry focuses on whether the claimant's benefits may continue in light of [her] dismissal." An employee's worker's compensation benefits will be permanently forfeited only when the employee's dismissal is "justified," the same as any other employee who forfeits her employment benefits when discharged for a "justified" reason.
>
> A "justified" discharge . . . does not simply mean that the employer can identify or assign a reason attributable to the employee as the cause for his or her being discharged. Whether the reason for the discharge is for "cause" or is "justified" for purposes of forfeiting benefits must be determined in the context of the purpose of the Act and whether the conduct is of such a nature

- 4 -

that it warrants permanent forfeiture of those rights and benefits. "[T]he Commission . . . must be mindful of the purposes of the" Act.

Id. at 128, 442 S.E.2d at 221 (citations omitted). "'[I]n order to work a forfeiture, the 'wage loss [must be] properly attributable to [the employee's] wrongful act . . . [for which t]he employee is responsible.'" Id. at 129, 442 S.E.2d at 222 (quoting Murphy, 12 Va. App. at 639-40, 406 S.E.2d at 193).

We find no case law to support the commission's holding that the employer must prove that the employee's wrongful act was intentional, willful or deliberate in order to justify a termination for cause and a forfeiture of compensation benefits.[1] "[A]ll that is required [to establish a termination for cause and a forfeiture of subsequent compensation benefits] is a showing: (1) that the wage loss is 'properly attributable' to the [employee's] wrongful act; and (2) that the employee is 'responsible' for the wrongful act." Artis, 45 Va. App. at 85, 608 S.E.2d at 518.

Virginia courts have considered various acts which provide "justified" cause for termination. We affirmed the commission's finding of justified termination in Montalbano v. Richmond Ford, LLC, 57 Va. App. 235, 701 S.E.2d 72 (2010). In Montalbano, while on light duty, claimant's repetitive harassment of his subordinates through anger and abusive language, behavior that violated company policy, was "justified cause" for dismissal, thus barring benefits. Id. at 246-47, 701 S.E.2d at 77-78. See also Artis, 45 Va. App. at 83, 608 S.E.2d at 517

---

[1] As employer asserts in its opening brief, in finding claimant's termination was not for cause that would justify a termination of workers' compensation benefits, the commission relied on and quoted language from Burton defining "the misconduct standard" applicable to a proceeding before the Virginia Employment Commission "to determine whether an employee has been discharged for misconduct so as to bar unemployment benefits." Walter Reed Convalescent Ctr. v. Reese, 24 Va. App. 328, 337 n.3, 482 S.E.2d 92, 97 n.3 (1997). "We have never held that a 'wrongful act' which does not necessarily rise to the level of 'willful or deliberate' cannot constitute justification for a termination for cause from selective employment so as to cause a forfeiture of workers' compensation benefits." Id.

(employee fabricated a robbery in an attempt to murder a co-worker and filed a false police report, constituting "justified cause" for termination); Marval Poultry Co. v. Johnson, 224 Va. 597, 299 S.E.2d 343 (1983) (finding that dishonesty provided justified cause); Goodyear Tire & Rubber Co. v. Watson, 219 Va. 830, 252 S.E.2d 310 (1979) (holding that frequent absences, poor work performance, and attitude gave justified cause); Richfood v. Williams, 20 Va. App. 404, 457 S.E.2d 417 (1995) (ruling that failure to pass a drug test upon which employment was conditioned provided justified cause). But see Eppling, 18 Va. App. at 129, 442 S.E.2d at 222 (holding that, while Eppling's employer had cause to discharge her for absenteeism, her absences were due to non-work-related health problems and not due to any "wrongful" acts that would bar an award of benefits).[2]

We find the analysis in Walter Reed Convalescent Ctr. v. Reese, 24 Va. App. 328, 482 S.E.2d 92 (1997), particularly instructive here. Reese, an LPN, sustained a wrist injury at work. As a result, she was assigned, as selective employment, as a ward clerk. She was disciplined for, *inter alia*, failing to transcribe doctor's orders in the medical administration record, placing orders in the wrong record books, and causing a patient not to receive prescribed medications. Id. at 331-32, 482 S.E.2d at 94. Reese had been reprimanded several times for these same behaviors and was terminated while still on selective employment. We found her termination was the result of her "failure to follow properly established rules and procedures" and was not related to her work injury. Id. at 338, 482 S.E.2d at 97. The employer discharged Reese for her repeated negligent errors, which she failed to correct and which "potentially placed employer's

---

[2] We note that in these cases, the employee was discharged from selective employment, yet the analysis of whether the termination was for "justified" cause remains the same. The analysis in these cases is not dependent on whether the employee was on selective employment or full duty, but rather whether the employee was terminated for justified cause unrelated to his disability and whether his wage loss was properly attributable to the employee for which he was responsible.

patients in jeopardy." Id. We held the employer was justified in terminating Reese for cause. Id. at 330, 482 S.E.2d at 94. In Reese, there was no evidence any patient was actually harmed by claimant's negligence.

Here, we must determine whether claimant's termination was for "justified cause." Claimant does not contend that his wage loss is not attributable to his wrongful act or that he is not responsible for his wrongful act.

The evidence showed that claimant was an LPN in adult services. Based on his duties, it can be inferred that many of employer's patients were incapable of caring for their own needs. Claimant's duties included administering medications per doctors' orders and documenting that administration. Claimant admitted that he did not give a certain medication to a patient, although he documented that he did. It is uncontroverted that he was instructed on policy and procedures for administering medications and documenting the administration of medications. Employer characterized claimant's behavior as a "serious offense" and grounds for termination. Claimant's initial warning was for not documenting a dose of Valium[3] on the narcotics sheet. His final warning was for removing a Flonase[4] medication from a Pyxis machine and documenting that he had administered that medication when in fact he did not. While failure to give a patient a nasal spray may not jeopardize a patient's well-being, it does undermine an employer's confidence in the reliability of its medical records.

Claimant contends there was no evidence presented that any patient was endangered or was denied necessary care. He misses the point. Doctors must be assured that their orders are properly carried out. This assurance is achieved through proper documentation. If the

---

[3] Valium is a trademark name for diazepam, a prescription narcotic drug used as a sedative and to treat anxiety disorders. Tabers Cyclopedic Medical Dictionary 680 (22d ed. 2013).

[4] Flonase is an aerosol inhaler used to treat asthma and allergic rhinitis. Id. at 948.

documentation is inaccurate, doctors, nurses, and other medical staff are supplied with incorrect information, potentially endangering a patient's safety.

Common sense dictates that decisions concerning a patient's treatment are based on the hospital's records. Staff and doctors must have an accurate "paper trail" of medications administered. Without such accuracy, a patient could be over- or under- medicated. Furthermore, here, as in <u>Reese</u>, while there was no evidence a patient was actually harmed, claimant's failure to correctly document the administration of drugs "potentially placed employer's patients in jeopardy." <u>See</u> <u>Reese</u>, 24 Va. App. at 338, 482 S.E.2d at 97. Thus, we reject claimant's argument.

We conclude, as a matter of law, that claimant's termination was for "justified" cause. Therefore, the commission erred in affirming the award of temporary total disability benefits for the specified time periods. Accordingly, we reverse the commission's decision and vacate the award of temporary total disability benefits.

<u>Reversed and vacated</u>.