## Alexandria
POTOMAC EDISON COMPANY OF VIRGINIA, INC.

v.

DIANIA JEAN CASH

No. 1359-93-4

Decided July 5, 1994

COUNSEL

J. Sloan Kuykendall, III (George W. Johnston, III; Kuykendall, Johnston, Coleman & Kuykendall, on brief), for appellant.

George Warren Shanks, for appellee.

OPINION

**FITZPATRICK, J.**—In this workers' compensation appeal, Potomac Edison Company of Virginia (employer) argues that the commission erred in reinstating Diania Cash's (claimant) temporary total disability benefits after she was discharged for cause from selective employment procured by her employer. We hold that the forfeiture rule established in *C&P Telephone Co. v. Murphy*, 12 Va. App. 633, 406 S.E.2d 190, *aff'd en banc*, 13 Va. App. 304, 411 S.E.2d 444 (1991), does not bar a claimant's request for temporary *total* disability benefits necessitated by a medical change in condition directly related to her earlier industrial accident. Accordingly, we affirm the commission's award.

I.

The facts of this case are not disputed. On February 12, 1990, the claimant suffered a compensable back injury. She received temporary total disability benefits until February 3, 1991 when she returned to light duty work procured by her employer. Claimant continued to receive temporary partial disability benefits until she was discharged from her employment for insubordination, tardiness, and rudeness to customers. The commission found and claimant concedes that her dismissal on March 26, 1992 was "justified."

On July 5, 1992, four months after her termination, claimant underwent back surgery for removal of a ruptured disc. The surgery was related to her prior, compensable industrial accident, and claimant was temporarily totally disabled following the operation. Claimant's temporary *total* disability benefits were reinstated by the commission, notwithstanding claimant's prior termination from employment for cause. The sole issue presented in this appeal is whether an employee's termination from selective employment procured by her employer for willful misconduct is an absolute bar to further wage loss benefits, despite subsequent total disability.

## II.

■ Well established principles of workers' compensation law guide our decision in this case. First, "[t]he purpose of the Workers' Compensation Act is to provide compensation to an employee for the loss of his opportunity to engage in work, when his disability is occasioned by an injury suffered from an accident arising out of and in the course of his employment. The Act should be liberally construed in harmony with its humane purpose." *Barnett v. D.L. Bromwell, Inc.*, 6 Va. App. 30, 33-34, 366 S.E.2d 271, 272 (1988) (en banc) (citations omitted). In addition, "[t]he Commission's construction of the Act is entitled to great weight on appeal." *City of Waynesboro Sheriff's Dep't v. Harter*, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985).

■ Under the Act, an employee who is properly terminated from selective employment procured by the employer for cause consisting of willful misconduct forfeits his or her entitlement to future temporary partial disability benefits. *Marval Poultry Co. v. Johnson*, 224 Va. 597, 601, 299 S.E.2d 343, 345-46 (1983); *Goodyear Tire & Rubber Co. v. Watson*, 219 Va. 830, 833, 252 S.E.2d 310, 312-13 (1979).

This Court held in *Murphy*, that:

where a disabled employee is terminated for cause from selective employment procured or offered by his employer, any subsequent wage loss is properly attributable to his wrongful act rather than his disability. The employee is responsible for that loss and not the employer. In this context, we are unable to find any provision within the Workers' Compensation Act

which evidences an intent by the legislature to place such an employee in a better position than an uninjured employee who is terminated for cause and by his wrongful act suffers a loss of income.

*Murphy*, 12 Va. App. at 639-40, 406 S.E.2d at 193.

The commission interpreted this forfeiture rule as follows:

Under *Murphy* compensation is suspended under these circumstances only so long as the claimant is *partially* disabled. If the claimant subsequently becomes *totally disabled because of the industrial injury*, that disability is clearly attributable to the injury, and a discharge for cause would have no bearing on the claimant's wage loss during total disability.

(Emphasis added).

We agree with the commission that *Murphy* does not bar claimant's application for benefits after termination for cause when claimant subsequently suffers *total* disability caused by the prior work-related injury. *See Remmell v. Glidden Co.*, 71 O.W.C. 261, 264 (1992) (noting that termination for cause does not bar compensation benefits for subsequent period of total disability); *accord Gilmer v. Atlanta Hous. Auth.*, 170 Ga. App. 326, 327, 316 S.E.2d 535, 536 (1984) (claimant discharged for cause is entitled to receive benefits for loss of earning capacity if he can prove that he is unable to work because of his prior compensable injury); *Boryca v. Marvin Lumber & Cedar*, 487 N.W.2d 876, 879 (Minn. 1992) (worker discharged for misconduct not deprived of permanent total disability compensation for which he would otherwise be eligible)[1]; *E.F.P. Corp. v. Pendill*, 413 N.E.2d 279, 280-81 (Ind. Ct. App. 1980) (employer liable for temporary total disability benefits to discharged employee who was unable to obtain employment elsewhere because of recurrence of injury); *State ex rel. Watts v. Schottenstein Stores Corp.*, 68 Ohio St. 3d 118, 123, 623 N.E.2d 1202, 1205 (1993) (claimant's discharge for

---

[1] In *Boryca,* the Supreme Court of Minnesota reasoned that it would be "especially onerous to forever bar an injured employee from receiving permanent total benefits otherwise due where it is absolutely clear his inability to work is caused by the compensable injury, and not by the misconduct." 487 N.W.2d at 879 n.3.

cause does not automatically preclude wage loss benefits); *Wendt v. North Dakota Workers Compensation Bureau*, 467 N.W.2d 720, 728 (N.D. 1991) (same holding); *Cousins v. Georgia-Pacific Corp.*, 599 A.2d 73, 74 (Me. 1991) (same holding). *Contra Calvert v. General Motors Corp.*, 120 Mich. App. 635, 643, 327 N.W.2d 542, 546 (1982).

The wage loss at issue in this case is not attributable to claimant's wrongful conduct, but rather to her total disability caused by a compensable industrial accident. The underlying premise of the rule in *Murphy* is to hold employees responsible only for any wage loss properly attributable to their wrongful conduct.

■ Recent decisions of this Court rendered after *Murphy* establish that termination for cause is not the sole issue in determining eligibility for benefits under the Act. For example, in *Eppling v. Schultz Dining Programs*, 18 Va. App. 125, 442 S.E.2d 219 (1994), we emphasized that in order to work a forfeiture, the wage loss must be properly attributable to the employee's wrongful act, and held that a partially disabled employee's benefits:

> will be permanently forfeited only when the employee's dismissal is "justified," the same as any other employee who forfeits her employment benefits when discharged for a "justified" reason.

*Id.* at 128, 442 S.E.2d at 221 (holding that "excessive absenteeism caused by a non-work-related injury beyond the employee's control is not the type of willful conduct or misbehavior that, upon termination, justifies a forfeiture of workers' compensation benefits"); *see also Timbrook v. O'Sullivan*, 17 Va. App. 594, 439 S.E.2d 873 (1994) (holding that the *Murphy* forfeiture rule does not apply to an employee who is discharged for failing to notify employer that she would be absent from selective employment that she had refused).

In *Tumlin v. Goodyear Tire & Rubber Co.*, 18 Va. App. 375, 444 S.E.2d 22 (1994), we explained that the bar to compensation benefits under Code § 65.2-510 and our decision in *Murphy*:

> pertains only to ongoing economic losses following and attributable to an affirmative act of the employee. The 'compensation' to which the employee is not entitled during the contin-

uation of the unjustified refusal of selective employment is compensation for *wage loss that otherwise would have been paid to the employee.*

*Id.* at 381, 444 S.E.2d at 25 (emphasis added) (holding that the forfeiture rule of *Murphy* and the suspension of benefits pursuant to Code § 65.2-510 does not apply to awards made under Code § 65.2-503). In this case, claimant became temporarily totally disabled after back surgery. During this period of total disability, there could not be any "wage loss that otherwise would have been paid to the employee." *Id.*

Claimant's post-employment total disability resulted from her prior compensable injury and, as such, her wage loss is properly attributable to her total disability and not to any employee misconduct. This case is precisely the reverse of the factual situation in *Murphy.* Although claimant's misconduct was willful and certainly sufficient to justify her discharge from employer procured selective employment, her return to total disability was unrelated to her misconduct.

For the reasons set forth above, we affirm the commission's award of future wage loss benefits.

*Affirmed.*

Coleman, J., and Hodges, S.J., concurred.