COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis
Argued at Alexandria, Virginia


TIMOTHY GRAY

v.        Record No. 2441-95-4

ATS SERVICE/ACCUSTAFF, INC. and
   RELIANCE INSURANCE COMPANY
                                   MEMORANDUM OPINION[*] BY
                                   JUDGE SAM W. COLEMAN III
                                        APRIL 9, 1996

ATS SERVICE/ACCUSTAFF, INC. and
 RELIANCE INSURANCE COMPANY

v.        Record No. 2271-95-4

TIMOTHY GRAY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Peter M. Sweeny (Peter M. Sweeny &
          Associates, P.C., on briefs), for Timothy
          Gray.

          Roger L. Williams (Vasiliki Moudilos;
          Williams & Pierce, on briefs), for ATS
          Service/Accustaff, Inc. and Reliance
          Insurance Company.


     Timothy Gray (claimant) appeals the commission's holding

that he was terminated from his employment with ATS

Service/Accustaff, Inc. (Accustaff) for misconduct or cause that

would justifiably bar his claim for compensation benefits.

Accustaff cross-appeals and contends that the commission erred by

finding that claimant was temporarily totally disabled, and that

he did not have a duty to market his residual capacity or to

          [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accept selective employment. We find no error and affirm the commission's award.

## I. Termination for Justified Cause

Claimant contends that he was not actually terminated from his employment because Accustaff's drug policy provides that a discharged employee who tested positive for drug use is eligible to be rehired if after thirty days he tests negative for drugs. He asserts, therefore, that the policy operates like a temporary suspension, not a discharge. Alternatively, he claims that Accustaff terminated him because he had a compensable accident, and, therefore his discharge was not justified; he argues that the drug test was conducted in response to the accident in an effort to find a reason to terminate his employment and his employment benefits.[1] We find no merit in claimant's argument and affirm the commission's finding.

_____

[1] Employees who are "terminated for cause from selective employment procured by [their] employer" are barred from receiving partial disability benefits. Chesapeake & Potomac Telephone Co. v. Murphy, 12 Va. App. 633, 639, 406 S.E.2d 190, 193 (emphasis in original), aff'd en banc, 13 Va. App. 304, 411 S.E.2d 444 (1991); see Eppling v. Schultz Dining Programs, 18 Va. App. 125, 128-29, 442 S.E.2d 219, 221 (1994) (discussing the type of misconduct that constitutes justified cause for termination that serves to bar partial disability benefits). Therefore, claimant challenges the commission's finding that he was terminated for cause in order to preserve his future eligibility for partial disability benefits should he be released to return to work. See K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985). Although the commission did not address claimant's eligibility for partial disability benefits because it found that he was totally disabled, whether he was discharged for misconduct or justified cause is justiciable because it was necessary to the commission's finding that termination for justified cause does not preclude an injured employee from receiving temporary total disability benefits.

Accustaff's drug policy explicitly provides that testing positive for drugs may result in termination, not suspension. "Where passing drug and alcohol screening is made a clear and unequivocal condition of employment . . . failure to pass the screening is tantamount to misconduct under Murphy for which an employee can be terminated." Richfood, Inc. v. Williams, 20 Va. App. 404, 410, 457 S.E.2d 417, 420 (1995). Deborah Yeakel, an employee of Accustaff, testified that claimant was terminated because he tested positive for marijuana. The fact that an employee who was terminated after testing positive for drugs is eligible for rehire if the results of a second test taken after thirty days are negative does not transform a termination into a suspension. Therefore, credible evidence supports the commission's finding that claimant was terminated for justified cause.

Furthermore, we find no merit in the employee's argument that the possibility that he would file a compensation claim for his injury caused the employer to conduct the drug screen as a means of avoiding liability. The employer's reason or motivation for investigating an employee's misconduct does not bar the employer from raising misconduct as a defense to a claim for compensation where the employee's wage loss is due to his misconduct.

## II. Total Disability

"In cases where there is conflicting medical evidence, . . .

'[the commission] is left free to adopt that view which is most consistent with reason and justice.'" Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (quoting Bristol Builders' Supply Co. v. McReynolds, 157 Va. 468, 471, 162 S.E. 8, 9 (1932)). Accustaff contends that there is no conflict in the medical evidence in this case because the emergency room physician released claimant for light duty employment with no use of his left arm and Dr. Peter J. Verdin, Jr., the treating physician, confirmed that his "opinion is only limited to [claimant's] ability to work as a laborer." Thus, Accustaff contends Dr. Verdin only addressed the claimant's ability to return to employment similar to his pre-injury employment and did not address claimant's residual capacity to do other work. Accustaff further contends that because the emergency room doctor's opinion is the only evidence on the issue, the commission's finding that claimant was totally disabled was contrary to the only evidence in the record concerning claimant's capacity for selective employment.

"On appeal, we view the evidence in the light most favorable to the prevailing party. Findings of fact made by the commission are binding on appeal if they are supported by credible evidence." Georgia Pacific Corp. v. Dancy, 17 Va. App. 128, 133-34, 435 S.E.2d 898, 901 (1993) (citations omitted).

Here, Dr. Verdin examined claimant on June 2, 1994, and concluded "that he should be off of work for another three weeks"

at which time he should return "for evaluation to return to work."  The medical report from Dr. Verdin's initial examination does not qualify or otherwise limit the meaning of the term "work."  Moreover, Dr. Verdin stated unequivocally in a July 7, 1994 medical report that claimant is "temporarily and totally disabled because of [his] left shoulder injury."  Although Dr. Verdin admitted in his deposition that he "did not evaluate [claimant] for a light-duty job," he also stated that he has never been asked to do a physical capacity evaluation for light duty work and that there is no question in his mind that claimant "has had persistent unremitting symptoms in his shoulder." Moreover, Dr. Verdin opined that claimant required arthroscopy to determine whether a resection of claimant's distal clavicle was necessary to correct his "persistent and unremitting symptoms in his shoulder."  At no time during Dr. Verdin's deposition did he recant or qualify his earlier statement that claimant is temporarily totally disabled.

Accordingly, credible evidence supports the commission's finding that Dr. Verdin diagnosed claimant as being totally disabled, and that Dr. Verdin's opinion is entitled to greater weight than the emergency room physician's opinion.  See Reeves, 1 Va. App. at 439, 339 S.E.2d at 572.  Because the evidence supported the commission's finding that claimant was totally disabled, the claimant did not have a duty to market his residual capacity or accept selective employment at the time of the

hearing. <u>A.G. Van Metre, Jr., Inc. v. Gandy</u>, 7 Va. App. 207, 216, 372 S.E.2d 198, 203 (1988). Also, the fact that claimant was terminated for justified cause does not preclude him from receiving temporary total disability benefits because "[t]he wage loss at issue . . . is not attributable to claimant's wrongful conduct, but rather to h[is] total disability caused by a compensable industrial accident." <u>Potomac Edison Co. v. Cash</u>, 18 Va. App. 629, 633, 446 S.E.2d 155, 157 (1994).

Credible evidence supports the commission's finding that claimant was terminated for justified cause. However, because the commission's finding that claimant is totally disabled is also supported by credible evidence, we affirm the award of temporary total disability benefits.

<u>Record No. 2441-95-4 Affirmed.</u>
<u>Record No. 2271-95-4 Affirmed.</u>