COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


WILLIAM HAZEL COMPANIES AND
 ROYAL INSURANCE COMPANY OF AMERICA
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2477-99-2        JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 23, 2000
JESSE ROBERT CRESWELL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Benjamin J. Trichilo (Trichilo, Bancroft,
             McGavin, Horvath & Judkins, P.C., on
             briefs), for appellants.

             Wesley G. Marshall for appellee.


     William Hazel Companies ("Hazel") and Hazel's insurer,

Royal Insurance Company of America, appeal from the decision of

the Workers' Compensation Commission affirming the deputy

commissioner's decision awarding Creswell temporary total

disability benefits, and reversing the deputy commissioner's

finding that Creswell's pre-existing arthritis was not

aggravated by his compensable injury and that Creswell remained

disabled after September 21, 1997.  For the reasons that follow,

we affirm the commission's decision.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

"Guided by well established principles, we construe the evidence in the light most favorable to the party prevailing below, [the] claimant in this instance." Russell Stover Candies v. Alexander, 30 Va. App. 812, 825, 520 S.E.2d 404, 411 (1999) (citing Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986)). Creswell sustained an ankle sprain while working for Hazel on August 27, 1997. Creswell did not report his injury to Hazel until August 29, 1997. On that date, before Creswell reported his injury, Hazel terminated Creswell's employment for his failure to report to work on the previous day, citing a history of absenteeism by Creswell. Creswell subsequently sought continuing compensation wage and medical benefits. The deputy commissioner awarded Creswell medical benefits and temporary total disability benefits for the period from August 28, 1997 through September 21, 1997. The deputy commissioner found that Creswell's termination was not "for cause," and therefore did not constitute a bar to receiving an award of wage benefits. Upon review, in an opinion dated September 22, 1999, the full commission agreed with the deputy commissioner that Creswell's termination was not for cause and that he was therefore not barred from receiving wage benefits. The commission reversed the deputy commissioner's finding that Creswell's pre-existing

arthritis was not aggravated by his on-the-job injury, however, and concluded that Creswell remained disabled after September 21, 1997. The commission also found that Creswell had adequately marketed his remaining work capacity after November 15, 1997, and awarded benefits from that date and continuing. This appeal followed.

Appellants allege 1) that the commission erred in finding that Creswell was not terminated for cause and that Creswell's termination did not bar him from receiving wage benefits; 2) that the record fails to support the commission's finding that an award of continuing disability was warranted; and 3) that Creswell adequately marketed his work capacity for the period after April 14, 1998. We find no merit in these arguments.

## WHETHER TERMINATION FOR CAUSE BARS CRESWELL FROM RECEIVING WAGE BENEFITS

Appellants contend that Creswell was terminated for his failure to notify Hazel of the reason for his absence on August 28, 1997, as required by the policy stated in Hazel's employee handbook, and because of Creswell's history of repeated absenteeism. Appellants rely upon C & P Telephone v. Murphy, 12 Va. App. 633, 406 S.E.2d 190 (1991), aff'd en banc, 13 Va. App. 304, 411 S.E.2d 444 (1991), to argue that Creswell's termination for absenteeism precludes him from receiving wage benefits, even though he sustained a compensable injury. Murphy clearly

- 3 -

establishes that employees are responsible for wage loss properly attributable to their wrongful conduct. See 12 Va. App. at 639-40, 406 S.E.2d at 193. However, as explicated in Potomac Edison Co. v. Cash, 18 Va. App. 629, 446 S.E.2d 155 (1994), Murphy represents a narrow rule; where an employee's wage loss is not attributable to his wrongful conduct, the fact that the employee was discharged for such conduct is not in itself sufficient to preclude him from receiving benefits. See 18 Va. App. at 633, 446 S.E.2d at 157.

In Murphy, we held that where a disabled employee is terminated for cause from selective employment offered or provided by his employer, any subsequent wage loss is properly attributable to the employee's wrongful conduct rather than his disability, and he is therefore barred from subsequently seeking wage indemnity benefits. See 12 Va. App. at 639-40, 406 S.E.2d at 193. We revisited Murphy in Cash, in which we held that Murphy did "not bar [a] claimant's application for benefits after termination for cause when [the] claimant subsequently suffer[ed] total disability caused by the prior work-related injury." 18 Va. App. at 632, 446 S.E.2d at 157.

Applying this principle to the facts before us, we find that Creswell's wage loss resulted from his compensable injury,

and not from his history of absenteeism.[1]  According to the rationale underlying <u>Murphy</u>, as elucidated in <u>Cash</u>, Creswell is entitled to benefits.  The record establishes that he suffered an injury on August 27, 1997, and remained at home because of the injury on August 28, 1997.  On August 29, 1997, Creswell reported to work, at which time he was told of his termination.  Although his supervisor, Francis Jenkins, testified that he terminated Creswell because of repeated unexcused absences from work, culminating in the August 28, 1997 absence, it is uncontroverted that Creswell sustained his compensable injury while employed by Hazel and prior to this absence and that the absence was due to the injury.  "[T]he factual findings of the

---

[1] Appellants proffer in their Reply Brief a portion of a deposition of Creswell purportedly conducted on December 17, 1997, styled "Appendix B."  Creswell moved to exclude consideration of this "Appendix B" because appellants failed to include it in the Appendix.  As provided in Rule 5A:25(h), "[i]t will be assumed that the appendix contains everything germane to the questions presented.  The Court of Appeals <u>may</u>, however, consider other parts of the record."  (Emphasis added).  <u>See</u> <u>Gabbard v. Knight</u>, 202 Va. 40, 48, 116 S.E.2d 73, 78 (1960) (Rule governing contents of appendix is intended to provide, in convenient, printed form, "all that is germane to the errors assigned," and obviates necessity of Court to refer to the full record (citing <u>Jenkins v. Womack</u>, 201 Va. 68, 69, 109 S.E.2d 97, 98 (1959))).  <u>See also</u> <u>Twardy v. Twardy</u>, 14 Va. App. 651, 654, 419 S.E.2d 848, 850 (1992) (<u>en</u> <u>banc</u>) ("[A]n appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that the errors assigned may be decided properly.").  Thus, by Rule, we are not required to look beyond the appendix for a record of the deposition cited in appellants' Reply Brief.  However, having examined the complete record in the case nonetheless, we do not find the deposition in question, and consequently do not consider it in our decision.

commission are binding if they are supported by credible evidence." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Id. (citing Franklin Mortgage Corp. v. Walker, 6 Va. App. 108, 110-11, 367 S.E.2d 191, 193 (1988) (en banc)).  According to the underlying premise of the case law, as interpreted in Cash, employees will be held "responsible only for any wage loss properly attributable to their wrongful conduct."  18 Va. App. at 633, 446 S.E.2d at 157 (emphasis added).  The commission determined from the evidence before it that Creswell's wage loss resulted from his compensable injury, not from his absenteeism.  Because the evidence on the record before us supports this conclusion, we will not disturb the commission's decision.

### SUFFICIENCY OF THE EVIDENCE

As noted, the commission's findings of fact must be upheld when supported by credible evidence, see Wagner Enterprises, 12 Va. App. at 894, 407 S.E.2d at 35, and we view the evidence in the light most favorable to the party prevailing below.  See Russell Stover Candies, 30 Va. App. at 825, 520 S.E.2d at 411.

The commission reviewed medical opinion evidence from four physicians who examined or treated Creswell.  The commission

- 6 -

concluded, based upon the medical opinions offered by these physicians, that Creswell's compensable injury was causally related to his continuing disability and that Creswell's injury aggravated a pre-existing arthritic condition. The commission also concluded, as a question of fact, that Creswell had reasonably marketed his remaining capacity to work after November 15, 1997. Appellants contend that the evidence does not support these conclusions. However, the commission carefully reviewed and weighed the medical evidence offered.

Furthermore, although the commission did not outline its reasoning in determining that Creswell had reasonably marketed his remaining capacity to work, the evidence establishes that from November 15, 1997 to the date of the hearing, Creswell actively pursued employment for which his experience and his ninth-grade education suited him, viz. construction and equipment-operating jobs. He testified to his job hunting efforts, and he provided travel records documenting his efforts to find work. The commission therefore had before it credible evidence to support its conclusion. We perceive no plain error, and therefore will not disturb the commission's findings of fact. The decision of the commission is affirmed.

Affirmed.