COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JESSE L. ANDERSON, JR.

v.    Record No. 0772-02-2

DANA BRAKE PARTS, INC. AND
 HARTFORD ACCIDENT & INDEMNITY COMPANY

MEMORANDUM OPINION*
PER CURIAM
JULY 30, 2002

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jesse L. Anderson, Jr., pro se, on brief).

(S. Vernon Priddy III; Sands Anderson Marks &
Miller, on brief), for appellees.


Jesse L. Anderson (claimant) contends the Workers'
Compensation Commission erred in finding that Dana Brake Parts,
Inc. (employer) terminated claimant for just cause and,
therefore, he was not entitled to an award of temporary total
disability benefits from June 18, 1999 and continuing.  Upon
reviewing the record and the parties' briefs, we conclude that
this appeal is without merit.  Accordingly, we summarily affirm
the commission's decision.  Rule 5A:27.[1]

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] Because we summarily affirm the commission's decision, we
will not address employer's motion to dismiss claimant's appeal.
In addition, we will not address the commission's ruling that
claimant failed to prove he was entitled to an award of
permanent partial disability benefits for scarring.  Claimant
did not make any argument or cite to any authorities with

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

"Under the Act, an employee who is properly terminated from selective employment procured by the employer for cause consisting of willful misconduct forfeits his or her entitlement to future temporary partial disability benefits."  Potomac Edison Company v. Cash, 18 Va. App. 629, 631, 446 S.E.2d 155, 157 (1994).  A claimant's return to total disability after a termination for cause does not bar an award of temporary total disability benefits, where the return to total disability was unrelated to the misconduct.  Id. at 633-34, 446 S.E.2d at 157.

In denying benefits to claimant and in ruling that employer proved it terminated claimant for just cause, the commission found as follows:

> As a result of the June 18, 1999, altercation with a co-worker, the claimant was suspended from employment.  The credible evidence demonstrates that he was subsequently terminated for cause as a result of striking a co-worker and because of his falsification of incentive records. Accordingly, the claimant is not entitled to any additional temporary partial disability benefits beyond July 14, 1999, as the Deputy

respect to that issue.  See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

> Commissioner properly found that he was terminated for just cause. As stipulated by the parties, he had returned to his pre-injury work effective May 24, 1999. Accordingly, the claimant is not entitled to any compensation benefits for the period of June 18 through July 13, 1999, as any wage loss during this period was attributable to his misconduct and not the occupational injury.

The hearing testimony of Lisa Green, employer's facility health and safety supervisor, and William James Goranson, employer's human resource manager, and the deposition testimony of Frank Sanford, employer's production manager, provide ample credible evidence to support the commission's findings that claimant struck a co-worker and falsified incentive reports. Their testimony supports the commission's conclusions that claimant missed time from work between June 18, 1999 and his termination on July 14, 1999 due to his suspension pending an investigation of his misconduct and that employer terminated claimant on July 14, 1999 for just cause due to his willful misconduct. As fact finder, the commission was entitled to accept the testimony of employer's witnesses and to reject claimant's testimony to the contrary. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's decision."

Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.